T.C. Memo. 1996-115

UNITED STATES TAX COURT

NORMA NEIMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27103-93.          Filed March 11, 1996.

James C. Neiman (specially recognized),[1] for petitioner.

<u>Matthew J. Fritz</u>, for respondent.

---

[1] The Court was advised that petitioner Norma Neiman, who is elderly and lives in Florida, would not appear at trial. This matter had been continued on one prior occasion based on petitioner's request. The Court permitted petitioner's son, James C. Neiman, to appear specially for the submission of documents that were not objected to by respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[2]

Respondent determined a deficiency in the amount of $1,522 in petitioner's Federal income tax for the taxable year 1990.[3] The issues for decision are:

1.    Whether petitioner and her husband, Jacob B. Neiman, failed to report income received by Jacob B. Neiman; and

2.    Whether said income is subject to self-employment tax.[4]

At the time of filing the petition herein, petitioner resided at Cincinnati, Ohio.  While no formal stipulation was filed, the parties agreed to a number of exhibits which were made part of this record.  There was no testimony, and, accordingly,

---

[2]  All section references are to the Internal Revenue Code in effect for the tax year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[3]  Jacob B. Neiman died in Mar. 1993, prior to the filing of the petition herein.  A notice of deficiency was issued to petitioner Norma Neiman and Jacob B. Neiman, deceased.  The petition was captioned in both names.  By order dated Apr. 6, 1994, respondent's motion to dismiss for lack of jurisdiction as to the estate of Jacob B. Neiman, deceased, and to change caption was granted since Norma Neiman failed to establish that she had authority to represent her deceased husband.  The caption of this case was changed to read "Norma Neiman, Petitioner, v. Commissioner of Internal Revenue, Respondent".

[4]  Issues of omitted interest and dividend income were not contested by petitioner.

our findings are based on the pleadings and documents submitted at trial.

Jacob B. Neiman, petitioner's husband, was an insurance agent for many years. During 1990, he did business with the Irv and Bob Kemp Agency (Kemp). During 1990, Jacob B. Neiman was paid $14,542[5] in first year commissions. He was also paid $2,665 in renewal commissions in 1990. Kemp sent Mr. Neiman Forms 1099 with respect to these two payments. Kemp also advanced Mr. Neiman $4,080 in 1990. Mr. Neiman agreed to repay the advance by offsetting the payment against future commissions. The advance was repaid sometime in 1992. No Form 1099 was issued to Mr. Neiman with respect to the $4,080 advance made in 1990, nor was the amount included as income on the 1990 return.

On Schedule C of the jointly filed Federal income tax return for 1990, petitioner and her husband reported the $14,542 payment and the $2,665 payment. Petitioner then subtracted the $4,080 advance from the commission income reported on the return.

In the notice of deficiency, respondent determined that commission income was understated by $4,080. Petitioner acknowledges that the $4,080 was erroneously deducted from commission income received, and, therefore, the income on the 1990 return was understated by $4,080. Petitioner argues that she should be excused from liability for tax on the

_____

[5] Rounded to nearest whole dollar.

understatement because she suffers from physical, emotional, and financial difficulties.

Respondent's determination in the notice of deficiency is presumptively correct, and petitioner bears the burden of proving error. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); Welch v. Helvering, 290 U.S. 111 (1933).

There is no question that commissions are includable as taxable income. Sec. 61(a). Petitioner does not seriously dispute that the advance was erroneously deducted from commission income received. Respondent is thus sustained on this issue.

Section 1401 imposes a tax on self-employment income. Section 1402 defines net earnings from self-employment as gross income derived from a trade or business less certain deductions. Commission income from Kemp was reported on a Schedule C. Petitioner does not seriously dispute that the commission income is not subject to self-employment tax. Respondent is sustained on this issue.

Petitioner makes a vague reference to the statute of limitations suggesting that the time has expired for assessment of the tax. The short answer to petitioner's argument is that the 1990 return was filed on August 16, 1991. The notice of deficiency was mailed on September 24, 1993. A timely petition was filed with this Court. The period of limitations has not run. Secs. 6501(a), 6503(a)(1), 6213.

Petitioner asks this Court to consider her difficult physical, emotional, and financial circumstances. As we indicated at the conclusion of the trial of this case, our jurisdiction, as defined by Congress, is limited to a determination of the correct tax liability. We again recommend that petitioner communicate with appropriate persons within the Internal Revenue Service to seek advice and assistance with respect to payment of the tax liability.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.